# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABDUL IBIN RICKY WILLIAMS**<br>    Plaintiff<br><br>vs.<br><br>**TRANS UNION, LLC**<br>    &<br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>    &<br>**EQUIFAX INFORMATION SERVICES, LLC**<br>    &<br>**AFFINITY FEDERAL CREDIT UNION**<br>    &<br>**TD BANK, N.A.**<br>    Defendants | Case Number<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Abdul Ibin Ricky Williams, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Abdul Ibin Ricky Williams, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and for relief from Defamation of Character.

### II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

1

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff, Abdul Ibin Ricky Williams (hereinafter referred to as "Plaintiff") is an adult natural person residing at 201 Hollywood Avenue, Hillside, New Jersey 07205.

5. Defendant, Trans Union, LLC (hereinafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendants Trans Union, Experian, and Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

8. Defendant, Affinity Federal Credit Union (hereinafter referred to as "Defendant Affinity"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 73 Mountainview Boulevard, Basking Ridge, New Jersey 07920.

9. Defendant, TD Bank, N.A. (hereinafter referred to as "Defendant TD"), at all times relevant hereto, is and was a national association engaged in the business of consumer lending with an address of 200 Carolina Point Parkway, Greenville, South Carolina 29607.

## IV. FACTUAL ALLEGATIONS

10. Defendant Affinity has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian, and Equifax regarding alleged accounts ending in -3938**, -4218** and -4471****.

11. The information furnished by Defendant Affinity and published by Defendants Trans Union, Experian, and Equifax is and was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these accounts in his name.

12. Defendant TD has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian, and Equifax regarding an allege account ending in -4230****.

13. The information furnished by Defendant TD and published by Defendants Trans Union, Experian, and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this accounts in his name.

14. In or around November 2022, Plaintiff disputed the accuracy of the trade lines of Defendants Affinity and TD with Defendants Trans Union, Experian and Equifax.

15. In his disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

16. Defendants Trans Union, Experian and Equifax acknowledged receipt of Plaintiff's disputes.

17. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendants Affinity and TD of Plaintiff's disputes.

18. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information.

19. In or around December 2022, Plaintiff again disputed the accuracy of the trade lines of Defendants Affinity and TD with Defendants Trans Union, Experian and Equifax.

20. In his dispute, Plaintiff again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

21. Defendants Trans Union, Experian and Equifax again acknowledged receipt of Plaintiff's disputes.

22. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax again notified Defendant Affinity of Plaintiff's disputes.

23. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax again indicated their intent to continue publishing the inaccurate information.

24. On or about January 26, 2023, Plaintiff yet again disputed the accuracy of the trade lines of Defendants Affinity and TD with Defendants Trans Union, Experian and Equifax.

25. In his dispute, Plaintiff yet again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

26. Defendants Trans Union, Experian and Equifax yet again acknowledged receipt of Plaintiff's disputes.

27. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax yet again notified Defendant Affinity of Plaintiff's disputes.

28. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information.

29. On or about March 7, 2023, Plaintiff yet again disputed the accuracy of the trade lines of Defendants Affinity and TD with Defendants Trans Union, Experian and Equifax.

30. In his dispute, Plaintiff yet again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

31. Defendants Trans Union, Experian and Equifax yet again acknowledged receipt of Plaintiff's disputes.

32. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax yet again notified Defendant Affinity of Plaintiff's disputes.

33. Notwithstanding Plaintiff's efforts, and following Plaintiff's dispute, Defendants Trans Union, Experian and Equifax yet again indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

34. Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit made specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

35. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

36. Defendants Trans Union, Experian and Equifax (collectively, "the Credit Reporting Agencies") failed to maintain and follow reasonable procedures before, during and after Plaintiff's above-referenced disputes, thereby injuring Plaintiff.

37. The Credit Reporting Agencies' investigation of Plaintiff's above-referenced disputes, at best, consisted of mere parroting of information from unreliable sources, namely, Defendants Affinity and TD.

38. Following Plaintiff's above-referenced disputes, Defendants Affinity and TD failed to comply with the requirements imposed upon furnishers of information under the FCRA, thereby injuring Plaintiff.

39. As of the date of the filing of this Complaint, Defendants Affinity and TD continue to furnish credit data which is incorrect and materially misleading, and Defendants Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

40. The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

41. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

42. As a result of Defendants' actions and inactions, Plaintiff's credit has deteriorated substantially, thereby causing the Plaintiff to be denied credit with Chase, Capital One, Comdata, and other creditors, to refrain from applying for a business loan, and to refrain from applying for additional credit.

43. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

44. As a result of Defendants' actions and inactions, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

45. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

46. As a result of Defendants' actions and inactions, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## **COUNT I – FCRA**
*Plaintiff v. All Parties*

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

49. At all times pertinent hereto, Defendants Affinity and TD were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

50. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

51. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

52. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified.

53. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Affinity and TD are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

54. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a. Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1681n;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Experian Information Solutions, Inc. & Equifax Information Services, LLC*

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. Defendants Trans Union, Experian and Equifax have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

57. Defendants Trans Union, Experian and Equifax have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

58. The inaccurate information published by Defendants Trans Union, Experian and Equifax is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

59. Defendants Trans Union, Experian and Equifax have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

60. The falsehoods within the trade lines of Affinity Federal Credit Union and TD Bank constitute falsehoods concerning Plaintiff's credit history.

61. Defendants Trans Union, Experian and Equifax knew or reasonably should have known that the information regarding the trade lines of Affinity Federal Credit Union and TD Bank which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

62. Defendants Trans Union, Experian and Equifax continue to publish the false and negative information within the trade lines of Affinity Federal Credit Union and TD Bank on Plaintiff's credit history up through the present time.

63. Defendants Trans Union, Experian and Equifax knew that the information within the trade lines of Affinity Federal Credit Union and TD Bank on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

64. The publications of the information within the trade lines of Affinity Federal Credit Union and TD Bank on Plaintiff's credit report constitute libel *per se*.

65. In addition, and despite the notices from Plaintiff, Defendants Trans Union, Experian and Equifax have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

66. The conduct of Defendants Trans Union, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages,

compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants Trans Union, Experian and Equifax to immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                          **Respectfully submitted,**

                          **VULLINGS LAW GROUP, LLC**

**Date: March 17, 2023**　　　　　**BY:** */s/Brent F. Vullings*
　　　　　　　　　　　　　　　　Brent F. Vullings, Esquire
　　　　　　　　　　　　　　　　Vullings Law Group, LLC
　　　　　　　　　　　　　　　　3953 Ridge Pike
　　　　　　　　　　　　　　　　Suite 102
　　　　　　　　　　　　　　　　Collegeville, PA 19426
　　　　　　　　　　　　　　　　P: 610-489-6060
　　　　　　　　　　　　　　　　F: 610-489-1997
　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　bvullings@vullingslaw.com